Angela Swan, #213793
THE LAW OFFICES OF ANGELA SWAN,
A PROFESSIONAL CORPORATION
21151 South Western Avenue, Suite 177
Torrance, CA 90501
Office Telephone: (310)755-2515
Facsimile: (310)878-0349
Email: aswan@angelaswanlaw.com

Attorney for Plaintiff RANDY MITCHELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION-LOS ANGELES**

| | |
|---|---|
| RANDY MITCHELL, individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH;<br>LONG BEACH POLICE DEPARTMENT;<br>POLICE OFFICER HUGO AYALA;<br>POLICE OFFICER HUMBERTO REYES-SUAREZ ;<br>POLICE SOKHOEUN KIM;<br>MAXWELL THOMAS SCHROEDER;<br>IGNACIO CHRISTOPHER;<br>BRIAN MASATOSHI KOMORI; DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No: 2:21-cv-04008<br>Judge: Honorable<br>Courtroom:<br><br>**VERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331(federal question) and 1343(c) (civil rights). The state law claims for relief are within the supplemental jurisdiction of this Court, pursuant to 28 U.S.C.§1367.

2. The claims against does 1-15, are both within the supplemental jurisdiction of the Court.

3. Plaintiff's claims herein arise out of an incident involving the City of Long Beach Police Officers, in the City of Long Beach, County of Los Angeles, State of California and within this judicial district.

## THE PARTIES

4. RANDY MITCHELL ("Mitchell"), a natural person, is a private individual within the meaning of California law and is a citizen of the State of California, and at all times relevant hereto a resident of the County of Los Angeles, State of California.

5. Mitchell is an African American, long time resident in the city of Long Beach. Unfortunately Mitchell suffered a criminal conviction and was placed on state probation.

6. During Mitchell's probation, Long Beach Police Officer Kim would stop Mitchell's vehicle and or stop him on foot. Officer Kim told Mitchell, every time I see you I am going to stop you."

7. On April 1, 2020, Mitchell was travelling in a friend's vehicle. Officer Kim recognized Mithell in the vehicle and stopped the vehicle. Officer Kim began to search the vehicle that Mitchell was travelling in and Officer Kim searched Mitchell person. Officer Schroeder searched under the hood of the vehicle and yelled out "gun."

8. Mitchell became afraid and began to run because he knew that he did not have a gun. Officer Kim proceeded to get into a police vehicle and chase Mitchell in the vehicle. Officer Kim then performed a dangerous maneuver in which he intentionally caused the police vehicle to

forcefully hit Mitchell.

9. Mitchell fell to the ground when the vehicle smashed into him. Once Mitchell was hit by the vehicle, several officer piled on top of Mitchell and began giving Mitchell contrary demands to place his hands in front of him and to place his hands behind him.

10. After Mitchell attempted to follow the contradictory orders, Officer Kim violently struck Mitchell in the head with a flashlight several times.

11. No officer on the scene attempted to prevent the violent blows to Mitchell nor deescalate the situation.

12. Officer Kim and Officer Schroeder testified at the preliminary hearing on November 19, 2020 that they both stopped Mitchell in his vehicle for no reason (no probable cause) (Exhibit A copy of relevant portion of the preliminary hearing transcript)

13. This action is being filed pursuant to 42 U.S.C.§1983 for violation of Mitchell's rights under the Fourth and Fourteenth Amendments to redress injuries suffered by Mitchell, during the Defendants' unreasonable use of force during the course of his arrest.

14. Mitchell was deprived of his constitutional right to be free from excessive force and unreasonable seizure by state actors under the Fourth Amendment.

15. Mitchell is and was at all times relevant a citizen of the state of California.

16. Defendant Officer Kim was at all time relevant a Long Beach Police Officer, wearing a Long Beach Police Department Uniform.

17. Defendant Officer Kim is being sued in his individual capacity. At all times relevant to this action, Defendant Officer Kim acted under color of law.

18. Defendant Officer Schroeder was at all times relevant a Long beach Police Officer, wearing a Long Beach Police Department Uniform.

19. Defendant Officer Schroeder is being sued in his individual capacity. At all times relevant to this action, Defendant Officer Schroeder acted under color of law.

20. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associates or otherwise, of the Defendants sued herein by fictitious names, and therefore sues them as Does 1 through 15, inclusive. Plaintiff will amend this complaint to

allege their true names and capacities when ascertained. Plaintiff is informed and believe, and on the basis allege, that each of such fictitiously named Defendant is responsible in some manner for the wrongdoing alleged herein and/or liable to Plaintiff.

21. Plaintiff is informed and believe, and on the basis allege, that during the times mentioned herein, Defendants collectively, and each of them are the agents, employees, partners, joint venturers, representatives, coconspirators, and assigns of their co-defendants and were, as such, acting within the scope, course, and authority of such agency, employment, partnership, joint venture, representation, conspiracy, and/or assignment, unless the context states otherwise.

## STATEMENT OF FACTS

22. Mitchell was driving a friend's vehicle.

23. Officer Kim and Officer Schroeder stopped the vehicle in which Mitchell was driving.

24. Defendant was thoroughly searched by Officer Kim

25. Minutes after the search, Mitchell ran from the scene.

26. Officer Kim began to chase Mitchell in a police vehicle

27. The body camera and dash camera show that the vehicle intentionally struck Mitchell

28. Mitchell body fell to the asphalt. Several officers tackled Mitchell

29. Officers began to yell commands at Mitchell. One officer said put your hands behind your back and one officer yelled keep your hands in front of you.

30. A third Officer, Officer Kim stated if you do not stop resisting I am going to hit you.

31. Officer Kim Hit Mitchell with a flashlight several times.

32. At no point in time did Mitchell resisted the officers during the course of the arrest.

33. Surveillance video showed Mitchell lying on the ground, and following all non contradictory commands prior to being hit with a flashlight

34. Mitchell suffered pain to his head and chest

35. Mitchell continues to suffer from complications of medical issues and mental issues as a result of the force used in his arrest.

**COUNT I- VIOLATION OF FOURTH AMENDMENT-USE OF EXCESSIVE FORCE LIABILITY ASSERTED UNDER 42 U.S.C. § 1983**

**(Against All Defendants)**

36. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs.

37. Mitchell had a right to be free from excessive force in the context of an arrest or investigatory stop under the Fourth and Fourteenth Amendments of the United States Constitution. Graham v Connor, 49 U.S. 386, 394 (1989).

38. Mitchell had a constitutional right to be free from excessive force pursuant to the fourth Amendment of the United States Constitution guaranteed by 42 U.S.C.§1983.

39. The Defendants, while acting under the color of state law, deprived Mitchell of his rights, privileges, and immunities secured by the United States Constitution and the California Constitution.

40. Defendants wearing Long Beach Police Department uniform during the course of his duties and acting as a Police Officer, or under the authority of his title as a long Beach Police officer, under the color of state law, during all times relevant to this action.

41. Defendants made an attempted arrest, or other seizure of Mitchell, after noticing Mitchell in the vehicle.

42. Defendants were wearing Long Beach Police Department uniform during the course of his duties and acting as a police officer, or under the authority of his title as Long Beach Police Officer, under the color of state law, during all times relevant to this action.,

43. Defendants were wearing his Long Beach Police Department uniform during the course of his duties and acting as a Police Officer, or under the authority of his title as a Long Beach Police Officer, under the color of state law, during all times relevant to this action.

44. Defendants used unreasonable force against Mitchell when they attempted to arrest Mitchell

45. An objectively reasonable officer of the imposing size of Officers  would not have mercilessly beat Mitchell with a heavy duty flashlight.  The amount of force would not have been necessary for the restraint or arrest when the physical differences between the parties is so drastic.

46. Mitchell has suffered from severe and lasting physical and emotional injury as a result of the Defendnat's actions

**COUNT II- EXCESSIVE FORCE FAILURE TO INTERVENE**

**(Against all Defendants)**

47. Plaintiff incorporates by reference each and every allegation in paragraphs above.

**COUNT III- BATTERY**

**(Against all Defendants)**

48. Plaintiff incorporates by reference each and every allegation in paragraphs above

49. Defendants intentionally used significantly more force than necessary in detaining or arresting Mitchell

50. No probable cause existed to stop the vehicle in which Mitchell was travelling

51. Defendants actions in trying to effectuate the arrest of Mitchell were reckless and Defendants was aware that this conduct created an unreasonable risk of physical harm to Mitchell

52. Defendant Kim acted in bad-faith, or objectively unreasonably, when he mercilessly struck Mitchell in the head with a heavy duty flash light. And when he could have used a fraction of the force that he used to effectuate either arrest or seizure.

57.The Defendants, were acting under the color of state law, when they deprived Mitchell of his rights, privileges, and immunities secured by the United States Constitution.

53. All Defendants were wearing Long Beach Police Department uniform during the course of there duties and acting as Police Officers, under the authority of their title as a Long Beach Police Officer, under the color of state law, during all times relevant to this action.

66. Department uniform during the course of his duties and acting as a Police As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered economic, psychological, and emotional damages, and Plaintiff is obligated to retain legal counsel and to expend or incur liability for costs of suit, attorney's fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at time of trial for recovery by Plaintiff pursuant to *Brandt v. Superior Court*, (1985) 37 Cal.3d 813.

**<u>COUNT VI</u>: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(As to All Defendants)**

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Infliction of Emotional Distress must plead facts demonstrating (1) extreme and

outrageous conduct by the Defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) Plaintiffs' suffered severe or extreme emotional distress and (3) Plaintiff's injuries were actually and proximately caused by the Defendants' outrageous conduct.

56. Defendants engaged in conduct described herein, with the intention of reckless disregard of the probability of causing severe or extreme emotional distress to Plaintiff.

57. The conduct of Defendants was outrageous and goes beyond all bounds of human decency. Defendants' outrageous conduct was the actual and proximate cause of the emotional distress discussed herein.

58. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer severe and extreme emotional distress of such substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure. Plaintiff allege that such severe emotional distress has included without limitations embarrassment, anger, chagrin, disappointment, shame, worry, nausea and other forms of mental and emotional anguish.

59. As a direct and proximate result of the aforementioned conduct of Defendant, Plaintiff has suffered economic, psychological, and emotional damages, and Plaintiff is obligated to retain legal counsel and to expend or incur liability for costs of suit, attorney's fees, and related expenses in an amount not yet fully ascertained, but which will be submitted at time of trial for recovery by Plaintiff pursuant to *Brandt v. Superior Court*, (1985) 37 Cal.3d 813.

60. Defendants' conduct intentionally and/or recklessly caused extreme emotional distress to Plaintiff and has been intentional, malicious and oppressive, thereby entitling Plaintiff to recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, will ask for the following for each Cause of Action to be awarded:

**ALL CAUSES OF ACTION:**

1. For Compensatory Damages in the amount of $500,000.00;
2. For Actual Damages in the amount of $200,000.00;
3. For Punitive Damages in the amount of $2,000,000.00;
4. For Attorney's Fees and Costs of this action; and
5. Such further or additional relief as the Court deems proper.

Plaintiff hereby **DEMAND FOR JURY TRIAL**.

DATED: May 12, 2021

THE LAW OFFICES OF ANGELA SWAN, APC

By: ______________________________

Angela Swan,
Attorney for Plaintiff

**VERIFICATION**

I am the Plaintiff in this action. I have read the foregoing Verified First Amended Civil Complaint for Damages, and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2021 at Torrance, California.

____/s/Randy Mitchell________

RANDY MITCHELL, Plaintiff